IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW CRAMER,

    Plaintiff,                    No. CIV S-07-0125 DFL GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint is styled as a motion for injunctive relief. Plaintiff is incarcerated in the Tulare County Jail for an alleged parole violation. As relief, plaintiff seeks an

order prohibiting defendant Schwarzenegger from transferring any California inmate to prisons in other states.

Plaintiff does not allege that he will be transferred to an out-of-state prison to serve his sentence for violating parole. Plaintiff alleges that he is currently housed in the county jail for sixty days, and will be released to ICDTP on January 27, 2007, for thirty days, with a release date of February 27, 2007. The court does not know what "ICDTP" stands for.

In order to have standing to challenge defendant's plan to send California prisoners to out-of-state prisons, plaintiff must allege that he expects to be transferred to an out-of-state prison. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136-37 (1992)(in order to have standing, a plaintiff must allege that he suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision). Because the court cannot determine whether plaintiff has standing to raise the claim challenging defendant's plan to send prisoners to out-of-state prisons, the complaint is dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
2  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
3  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
4  original complaint, each claim and the involvement of each defendant must be sufficiently
5  alleged.

6          In accordance with the above, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

8          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
9  The fee shall be collected and paid in accordance with this court's order to the Tulare County
10  Sheriff's Department filed concurrently herewith.

11          3.  The motion for a temporary restraining order filed January 19, 2007, construed
12  as a complaint, is dismissed for the reasons discussed above, with leave to file an amended
13  complaint within thirty days from the date of service of this order.  Failure to file an amended
14  complaint will result in a recommendation that the action be dismissed.

15  DATED: 3/16/07

16          /s/ Gregory G. Hollows

17          UNITED STATES MAGISTRATE JUDGE

20  cram125.b